CHESTER PARK CO v SCHULTE

Ohio Supreme Court

No 21196. Decided Mar 27, 1929

Syllabus by MARSHALL, CJ.

**TRIAL**

(590 V2) In an action for unliquidated damages neither the trial court nor any

reveiwing court has the power to reduce the verdict of a jury or to render judgment for a lesser amount without the consent of the party in whose favor the verdict was rendered to such reduction.

If a trial court in an action for unliquidated damages finds that the verdict is excessive and that it was rendered under the influence of passion or prejudice, it has no alternative except to set it aside and grant a new trial.

If a verdict in an action for unliquidated damages, is, in the opinion of the trial court, excessive but not appearing to be influenced by passion or prejudice, the court may with the assent of plaintiff reduce the verdict by remittitur to any amount warranted by the evidence.

Neither the trial court nor any reviewing court has power or authority to reduce a verdict on any grounds without the assent of the prevailing party, unless the undisputed testimony shows an error in mathematical calculation.

The court of appeals has the same unlimited power and control of verdicts and judgments as the trial court and may weigh the evidence and exercise an independent judgment upon questions of excessive damages and when no passion or prejudice is apparent may modify and affirm the judgment by ordering a remittitur with the consent of the prevailing party.

If the court of appeals in an error proceeding in an action for unliquidated damages finds that the verdict was rendered under the influence of passion or prejudice it has no alternative except to reverse and remand for a new trial. (**Schendel v Bradford, Admr., 106 Ohio St., 387,** approved and followed.)

Jones, Day and Allen, JJ, concur. Kinkade, Robinson and Matthias, JJ, dissent.